# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
)
v. ) ID No. 2006004737
)
AHMED MUHAMMAD, )
)
)
Defendant. )
)

Date Submitted: July 21, 2023
Date Decided: September 14, 2023

## ORDER

Upon consideration of Defendant Ahmed Muhammad's "Motion for Early Release/Parole" ("Motion"),[1] Superior Court Criminal Rule 35(b)[2], statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On November 4, 2021, Mr. Muhammad pled guilty to one count of Robbery First Degree.[3]  By Order dated November 4, 2021, Mr. Muhammad was sentenced to a total of 3 years of unsuspended Level V time.[4]

---

[1] Although titled as a "Motion for Early Release/Parole," it is clear that Mr. Muhammad is seeking a modification of his sentence.  The Court will therefore address his Motion as a Motion for Modification pursuant to Superior Court Criminal Rule 35(b).

[2] Super. Ct. Crim. R. 35(b).

[3] D.I. 13.

[4] D.I. 14.  His sentence is as follows:  for Robbery First, 15 years at Level V, suspended after 3 years at Level V for 6 months at Level IV, followed by 18 months at Level III. *Id.*  Mr. Muhammad received credit for 30 days previously served at Level V.  *Id.*

(2)     On July 21, 2023, Mr. Muhammad filed the instant Motion asking the Court to order his immediate release from prison.[5]  In support of his request, Mr. Muhammad cites his rehabilitative efforts and his good record while incarcerated.[6]

(3)     Rule 35(b) governs motions for modification or reduction of sentence.[7] "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[8]

(4)     The application to reduce imprisonment must be filed promptly within the 90-day timeline "otherwise, the Court loses jurisdiction" to do so itself.[9]

(5)     While this is Mr. Muhammad's first motion for modification of sentence, his Motion is procedurally barred as untimely.  Mr. Muhammad filed the instant Motion on July 21, 2023,[10] over a year and a half past the ninety-day window for filing a Rule 35(b) motion.[11]  The Court may only consider an untimely Rule 35(b) motion in two circumstances: when a movant demonstrates "extraordinary circumstances" or when the motion is filed pursuant to 11 *Del. C.* § 4217.[12]  Mr.

---

[5] D.I. 19.
[6] *Id.*
[7] Super. Ct. Crim. R. 35(b).
[8] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit).
[9] *In re Nicholas*, 2004 WL 1790142, at *1 (Del. Super. July 20, 2004).
[10] D.I. 19.
[11] The Court sentenced Defendant on November 4, 2021.  D.I. 14.
[12] Super. Ct. Crim. R. 35(b).

Muhammad has not identified any "extraordinary circumstances,"[13] nor was his motion filed pursuant to 11 *Del. C.* § 4217. As such, he has failed to establish that his untimely Motion meets either exception. Accordingly, the Court finds that Mr. Muhammad's sentence is appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Ahmed Muhammad's Motion for Modification of Sentence is **DENIED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

cc:    Original to Prothonotary
       Jeffrey M. Rigby, DAG
       Ahmed Muhammad (SBI # 00735284)

---

[13] *See State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014) (explaining that extraordinary circumstances must specifically justify the delay, beyond the movant's control, and be the reason the movant was prevented from timely filing).